UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH ALIDI MILLER, In Re the Welfare of R.M., a minor,<br><br>                          Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>                          Defendant. | NO: CV-10-409-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL AND GRANTING DEFENDANT'S MOTION TO DISMISS |

Before the Court is the Plaintiff's motion for a court appointed attorney, ECF No. 12, and the Defendant's motion to dismiss for lack of jurisdiction, ECF No. 19. The Court has reviewed the motions, Plaintiff's memorandum in opposition, Plaintiff's statement of facts, the pleadings, the file, and the Court is fully informed.

## BACKGROUND

The Plaintiff, Elizabeth Alidi Miller, is the mother of R.M.. *See* ECF No. 5 at 4. On April 17, 2000, R.M. was found to be a dependent child under

ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL AND GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

1 Washington State law.  ECF No. 5 at 10.  Ms. Miller's parental rights were
2 terminated by court order.  Ms. Miller, acting pro se, brought the instant action
3 seeking to "vacate the order of dependency and order terminating parental right[s]
4 to child."  ECF No. 5 at 1.  Ms. Miller asserts that she is a citizen of Nigeria to
5 whom the Vienna Convention of 1963 applies and that the requirements of the
6 Vienna Convention were not followed when Ms. Miller's parental rights were
7 terminated.

## DISCUSSION

9 There are two motions before the Court.  Ms. Miller has moved the Court to
10 appoint counsel at public expense to aid her in prosecuting this case.  The
11 Defendant, the Washington State Department of Social and Health Services
12 ("DSHS"), has moved to dismiss this case for lack of jurisdiction.

**Motion for Appointment of Counsel**

14 In general, there is no right to counsel in a civil action.  *Palmer v. Valdez*,
15 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349,
16 1353 (9th Cir. 1981)).  "However, a court may under 'exceptional circumstances'
17 appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."  *Id.*
18 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)).  To
19 determine whether circumstances are exceptional, "a court must consider 'the
20 likelihood of success on the merits as well as the ability of the petitioner to

1  articulate [her] claim pro se in light of the complexity of the legal issues
2  involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).
3  These two considerations are to be viewed together, and neither is dispositive
4  alone. *Id.* (citing *Willborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

5    In light of the Defendant's motion to dismiss, and the clarity of the legal
6  argument contained in Ms. Miller's submissions, the Court finds that this case is
7  not exceptional. Accordingly, the Court will not appoint counsel for Ms. Miller at
8  public expense.

9  **Motion to Dismiss for Lack of Jurisdiction**

10   The Defendant has moved to dismiss this action for lack of subject matter
11 jurisdiction. The Defendant argues that this Court lacks jurisdiction under both the
12 *Rooker-Feldman* doctrine and the Eleventh Amendment.

13   The *Rooker-Feldman* doctrine is named for the two cases from which it
14 arose: *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v.*
15 *Feldman*, 460 U.S. 462 (1983). The doctrine is based on the rule that challenges to
16 state court decisions should be made through that state's appeal process with
17 federal appellate review limited to review in the United States Supreme Court. *See*
18 *Feldman*, 460 U.S. at 482. The district courts do not have jurisdiction to review
19 the final judgments of state courts. *Id.* Accordingly, where a federal cause of
20 action is commenced after the issuance of a state-court judgment, and the action is

ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL AND
GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

1  based on an injury caused by the state-court judgment, the *Rooker-Feldman*
2  doctrine precludes the exercise of jurisdiction in the district court. *Mothershed v.*
3  *Justices of Supreme Court*, 410 F.3d 602 (9th Cir. 2005) (quoting *Exxon Mobil*
4  *Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). It must be noted,
5  however, that the *Rooker-Feldman* doctrine does not "prohibit a plaintiff from
6  presenting a generally applicable legal challenge to a state statute in federal court,
7  even if that statute has previously been applied against [her] in state court
8  litigation." *Mothershed*, 410 F.3d at 606.

9      Ms. Miller's challenge is squarely targeted at the Washington State court
10 order terminating her parental rights and finding R.M. dependent. Ms. Miller does
11 not argue that she was the victim of a law that was unconstitutional or otherwise
12 illegal on its face. Instead, she argues that the superior court failed to follow
13 federal law, specifically the Vienna Convention of 1963, when it terminated her
14 parental rights. If the Court were to address Ms. Miller's challenge, it would
15 necessarily require reviewing the state court's decision. Accordingly, this Court
16 would be acting in an appellate capacity over the state court, a capacity that is
17 reserved to the United States Supreme Court alone. As a result, Ms. Miller's cause
18 of action falls squarely within the bounds of the *Rooker-Feldman* doctrine.
19 Therefore, this Court lacks subject matter jurisdiction over her claims.
20 / / /

ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL AND
GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

Accordingly, **IT IS HEREBY ORDERED:**

**1.** Plaintiff's motion for court appointed attorney, **ECF No. 12**, is **DENIED**.

**2.** Defendant's motion to dismiss, **ECF No. 19**, is **GRANTED**.

**3.** The above-captioned action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**4.** No costs or fees will be charged to either party.

**5.** Judgment shall be entered.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide a copy to the Plaintiff and counsel for the Defendant.

**DATED** this 17th day of January 2013.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Chief United States District Court Judge