UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH ALIDI MILLER, In Re the Welfare of R.M., a minor,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>        Defendant. | NO: CV-10-409-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

**BEFORE THE COURT** is Plaintiff's motion for reconsideration, ECF No. 26. The Court has reviewed the motion, the Court's prior order, all other filings, and is fully informed.

Plaintiff seeks reconsideration of the Court's order dismissing this case for lack of jurisdiction. The Court concluded in the Order that the *Rooker-Feldman* doctrine precluded the exercise of jurisdiction in this case because the instant action seeks review and relief from an order by a Washington State court terminating Plaintiff's parental rights. ECF No. 24. Because Plaintiff sought to

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

invalidate a state court's order, this Court would have effectively been sitting in an appellate capacity, a role that is reserved for the United States Supreme Court. Accordingly, this action was dismissed.

Plaintiff comes now and argues that the Court erred in its order dismissing this case because the Court failed to consider Plaintiff's state-law claims and Plaintiff's claim under the Indian Child Welfare Act ("ICWA"). Plaintiff argues that both claims are facial challenges that are not subject to the *Rooker-Feldman* doctrine.

As an initial matter, Defendant has responded to the present motion and argues that the motion is untimely. ECF No. 27. Specifically, Defendant argues that the present motion should be denied because it was brought under Rule 59(e) and failed to comply with Rule 59(e)'s twenty-eight-day time limit. Fed. R. Civ. P. 59(e). Plaintiff failed to identify in her motion under which rule she was moving but labeled the motion as a motion for reconsideration. ECF No. 26.

A motion for reconsideration that is filed within twenty-eight days is treated as a motion to alter or amend judgment under Rule 59(e). *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (applying Rule 59(e)'s previous ten-day filing limit). A motion for reconsideration filed outside the twenty-eight day period is treated as a Rule 60(b) motion for relief from final judgment. *See id.* Accordingly, the failure to file a motion for

reconsideration within twenty-eight days is not fatal under the Federal Rules of Civil Procedure.

As this Court noted in its prior order, ECF No. 26, the *Rooker-Feldman* doctrine is named for the two cases from which it arose: *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine is based on the rule that challenges to state court decisions should be made through that state's appellate process with federal appellate review limited to review in the United States Supreme Court by way of writ of certiorari. *See Feldman*, 460 U.S. at 482. The district courts do not have jurisdiction to review the final judgments of state courts. *Id.* Accordingly, where a federal cause of action is commenced after the issuance of a state-court judgment, and the action is based on an injury caused by the state-court judgment, the *Rooker-Feldman* doctrine precludes the exercise of jurisdiction in the district court. *Mothershed v. Justices of Supreme Court*, 410 F.3d 602 (9th Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).

No matter whether this Court is considering Plaintiff's claims for violation of the Vienna Convention, the ICWA, or state law, the fact is that Plaintiff seeks to void the state court's order terminating her parental rights. In fact, the remedy sought by Plaintiff in this action is for this Court to "reverse[] and remand this case back to [the] trial court[] to provide services to [the] mother." ECF No. 5 at 28.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

Accordingly, all of Plaintiff's claims and requested remedies fall within the ambit of the *Rooker-Feldman* analysis, and the Court's order of dismissal appropriately addressed them.

As Plaintiff notes, and as the Court noted in the order of dismissal, the *Rooker-Feldman* doctrine is confined in its scope. *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005). While the doctrine disallows appeals of state court judgments to the Federal district courts, it does not prohibit facial challenges to state statutes. *Id.* Plaintiff argues that this Court erred by not addressing her state-law and ICWA claims because those claims were general challenges to state statutes, not challenges to the state court's order.

Plaintiff's argument is undercut by the fact that the remedy she seeks is invalidation of the state court's order. The exception to the *Rooker-Feldman* doctrine for general challenges to state statutes was born in the *Feldman* case. The *Feldman* case involved challenges by two plaintiffs to the District of Columbia's attorney licensing regime. The two plaintiffs had been denied the right to sit for the District of Columbia bar examination. *Feldman*, 460 U.S. at 465-66, 470-71. The plaintiffs challenged the bar rules that had denied them admission as well as the decision of the District of Columbia Court of Appeals denying the plaintiffs the right to sit for the exam. The Court concluded that the challenge to the District of

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4

Columbia Court of Appeals decision was barred by the *Rooker-Feldman* doctrine, but that the rules could be generally challenged. *Id.* at 486-87.

The basis for the Supreme Court's distinction was that the general challenge to the bar rules did not require the federal district court to review the District of Columbia Court of Appeals' specific application of those rules in its decision not to allow either of the plaintiffs to sit for the bar. *Id.* at 487. Because the federal district court in *Rooker-Feldman* would not need to review the District of Columbia Court of Appeals's proceedings, the federal district court would not be exercising any impermissible appellate authority. *Id.*

While Plaintiff in this case has challenged the legality of state process in light of federal law, state law, and the ICWA, she does not seek prospective relief. She does not seek to correct state process going forward. Instead, Plaintiff seeks to unwind the actions of the Washington State Superior Court that terminated her parental rights. The relief that Plaintiff requests is the reversal of the Washington State Superior Court and the vacation of its order.

For the Court to grant such relief, the Court would need to review the state court process to determine whether it complied with federal and state law. Such an exercise would be the exercise of appellate jurisdiction. *Rooker-Feldman* bars such an exercise of jurisdiction. Accordingly, despite Plaintiff's protestations that her challenge is a general challenge to state law, the relief that she requests makes

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5

plain that her challenge is to the particular judicial decision that was rendered in state court terminating her parental rights. To address Ms. Miller's claims, this Court would have to violate the *Rooker-Feldman* doctrine and sit as an appellate court reviewing the Washington State Superior Court's application of a state law as it was applied to Ms. Miller. In addition, the ICWA, by its terms, does not apply to Native Africans, but only to Native Americans.

As a result, dismissal is appropriate. Therefore, the Court finds no basis to reconsider its earlier ruling.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration, **ECF No. 26**, is **DENIED**.

**IT IS SO ORDERED**.

The District Court Clerk is hereby directed to enter this Order and to provide a copy to Plaintiff and counsel for Defendant.

**DATED** this 9th day of July 2013.

      *s/ Rosanna Malouf Peterson*
      ROSANNA MALOUF PETERSON
      Chief United States District Court Judge